262 P.2d 779

STATE ex rel. PRINCE v. ROGERS.
No. 5715.

Supreme Court of New Mexico.
Oct. 30, 1953.

H. A. Kiker, Joseph M. Montoya, Edwin L. Felter, Santa Fe, for relator.

Richard H. Robinson, Atty. Gen., Walter R. Kegel and Fred M. Standley, Asst. Atty. Gen., for respondent.

COMPTON, Justice.

This is an original proceeding in prohibition. The question is whether a district attorney is amenable to the removal provisions of Ch. 36, Laws 1909, § 10–303, 1941 Comp. annotated, which reads:

"Any county, precinct, district, city, town or village officer elected by the people, and any officer appointed to fill out the unexpired term of any such officer, may be removed from office on any of the grounds mentioned in this chapter and according to the provision hereof."

On the 12th day of September, 1953, the Grand Jury of Santa Fe County returned a presentment against relator, District Attorney of the First Judicial District, recommending his removal from office. The return to the writ admits that respondent is proceeding under the above act.

In 1909, when the above law was passed, the district attorney was an officer appointed by the governor of the state by and with the consent of the legislature. Laws of New Mexico, 1909, Ch. 22. Therefore, it is true of necessity that the district attorney was not a "county, precinct, district, city, town or village officer elected by the people" under the terms of the 1909 removal statute. The Constitution was adopted in 1911; art. 6, § 24 thereof provided for the election of district attorneys.

It is contended by relator that the office of district attorney is a state office and that art. 4, § 36, New Mexico Constitution provides an exclusive remedy for removal by impeachment. On the contrary respondent contends that removal is available under the provision of § 7, Ch. 54, Laws 1913, § 17–109, 1941 Comp., which reads:

"Any such officer (district attorney) who shall wilfully fail or neglect to discharge the duties of his office, upon conviction thereof shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment for not more than six (6) months, or both, and in addition thereto shall be summarily removed from office by the court imposing sentence."

The court is of divided opinion on the question whether a district attorney is amenable to removal proceedings within the intendment of the Constitution, art. 4, § 36, *as a State officer*, a majority entertaining the present view that he is not; also upon the question whether he is removable under 1941 Comp., § 17–109, Laws 1913, Ch. 54, a majority are of the opinion that he is so removable, even if he were held subject to impeachment under the constitutional provision mentioned. However, we are of the unanimous view that

1941 Comp. § 10–303, Laws 1909, Ch. 36 was never intended to embrace a district attorney within its purview. Since it is under such statute that the present proceeding was initiated, it must be stayed.

The writ will be made absolute, And It Is So Ordered.

SADLER, C. J., and McGHEE, LUJAN and SEYMOUR, JJ., concur.